UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEANETTE STANLEY** | : | **CASE NO. 2:22-CV-06170** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **C L H G - DEQUINCY L L C** | : | **MAGISTRATE JUDGE KAY** |

### ORDER

Before the court is a Motion to Withdraw as Counsel of Record, whereby Scott Webre seeks to withdraw as counsel of record for plaintiff Deanette Stanley. Doc. 8. In her Complaint, plaintiff brings claims "individually and on behalf of her deceased husband, Robert Vernon Stanley." Doc. 1. Plaintiff alleges that she is the surviving spouse of Mr. Stanley and as such is the "is the proper party Complainant to pursue Mr. Stanley's survival claim pursuant to Louisiana Civil Code article 2315.1." Doc. 1, p. 8, ¶ 29.

Were Webre to withdraw as counsel of record, Ms. Stanley would be left to represent both her own interests and the interest of her late husband *pro se*, i.e., by representing herself. Although a plaintiff may represent her own interests in court, generally speaking, "those not licensed to practice law may not represent the legal interests of others[.]" *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016). The United States Court of Appeals, Fifth Circuit has held, however, that "[a] person with capacity under state law to represent an estate in a survival action may proceed pro se if that person is the only beneficiary and the estate has no creditors[,]" but only where the record contains sufficient information to resolve the issue of capacity and related factors. *Id.* at 211, 213 (applying Texas survival actions statute). The record before us does

not contain sufficient information to determine whether plaintiff may proceed *pro se* with the survival action brought behalf of Mr. Stanley's estate.

Accordingly, it is

**ORDERED** that on or before July 27, 2023, withdrawing counsel is to file into the record, a supplemental memorandum in support of the Motion to Withdraw [doc. 8] setting forth any information necessary for the court to determine whether plaintiff Deanette Stanley has the capacity to proceed *pro se* with the survival action under Article 2315.1 of the Louisiana Civil Code and *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016), to include—to the extent relevant under applicable Louisiana law—a discussion of whether plaintiff is the "only beneficiary and the estate has no creditors," *id.*, and any affidavit(s) or other competent evidence necessary for the court to make findings of fact on those issues. Defendant may file a response by August 4, 2023.

THUS DONE AND SIGNED in Chambers this 6th day of July, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE