UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DEANETTE STANLEY** | **CASE NO. 2:22-CV-06170** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **C L H G - DEQUINCY L L C** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is "Defendant's Motion in Limine" (Doc. 40) wherein Defendant, CLHG DeQuincy LLC ("DeQuincy"), moves for an order limiting the admission of certain evidence at the trial of this matter. *Pro se* Plaintiff, Deanette Stanley, has not filed an opposition to the motion or requested an extension to time to do so. Considering that the time for filing an opposition has now expired, the Motion will be considered by the Court as unopposed.

## BACKGROUND

In her Complaint,[1] Plaintiff, the deceased's widow, alleges the following. On December 15, 2020, Robert Vernon Stanley presented to DeQuincy Memorial Hospital ("DMH") with complaints of heart attack-like symptoms.[2] Mrs. Stanley drove her husband to DMH; Mr. Stanley was in the passenger seat.[3] When they arrived, Plaintiff alleges that the in the ER Pavilion, they were met by a DMH employee who advised Mr. Stanley that

---

[1] Doc. 1.
[2] *Id.* ¶ 6.
[3] *Id.*

he was not allowed into the hospital, he was to remain in his vehicle, and that he could not be seen.[4]

Allegedly, Mr. Stanley advised the DMH employee that he might be suffering a heart attack, and that he wanted to be assured that he was not having a heart attack.[5] The employee then returned inside the hospital, presumably to notify healthcare personnel of Mr. Stanley's condition.[6]

Subsequently, DMH employee, Ellen Naquin, RN came from the hospital to attend to Mr. Stanley and instructed that he remain in the vehicle.[7] Nurse Naquin spoke to Mr. Stanley through the car window.[8]

Mr. and Mrs. Stanley described Mr. Stanley's symptoms as experiencing chest tightness, pain down his arm, and he had blacked out earlier.[9] Mr. Stanley repeated to Nurse Naquin that he was concerned that he was having a heart attack.[10] Allegedly, Nurse Naquin did not perform a nursing assessment, obtain vital signs or attempt to perform any sort of examination of Mr. Stanley.[11]

Instead, Nurse Naquin assured Mr. Stanley that he was not having a heart attack and that his symptoms were probably related to blood sugar issues, that he would be "fine,"

---

[4] *Id.*
[5] *Id.* ¶ 7.
[6] *Id.*
[7] *Id.* ¶ 8.
[8] *Id.*
[9] *Id.* ¶ 9.
[10] *Id.*
[11] *Id.*

and that he would not be seen in the hospital.[12] Nurse Naquin advised Mr. Stanley to go and buy a blood sugar test kit.[13]

Relying on Nurse Naquin's advice, the Stanleys left DMH and purchased a blood sugar test.[14] The test revealed that Mr. Stanley's blood sugar was normal; the Stanley's then returned home.[15]

On that same day, at 10:41 p.m., Mr. Stanley began feeling poorly, which prompted Mrs. Stanley to call the ER at DMH.[16] Mrs. Stanley spoke with Debbie Rouse, RN and informed that Mr. Stanley's blood sugar was fine.[17] Nurse Rouser advised Mrs. Stanley that Mr. Stanley was not having a heart attack but was suffering from a stomach virus.[18]

While still on the phone with Nurse Rouser, Mr. Stanley began shaking and fell on the floor.[19] Mrs. Stanley hung up the phone with Nurse Rouser and immediately called 911 at 10:53 p.m.[20] Acadian Ambulance arrive and transferred Mr. Stanely into the ambulance.[21] Mr. Stanley suffered a cardiac arrest and died in the ambulance before he arrived at any hospital.[22]

In her Complaint, Mrs. Stanley alleges that Defendant violated the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 USCA § 1395dd.

---

[12] *Id.* ¶ 10.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.* ¶ 11.
[17] *Id.*
[18] *Id.*
[19] *Id.* ¶ 12.
[20] *Id.*
[21] *Id.*
[22] *Id.* ¶ 13.

## LAW AND ANALYSIS

Defendant has filed this Motion in Limine for the Court to rule that certain text messages between Mr. Stanely and his sister, that contain numerous handwritten notes[23] added by Mrs. Stanley, must be redacted from those notes. The handwritten notes added by Mrs. Stanley attempt to explain what was being said by the authors of the text messages and why.

Defendant argues that the handwritten notes are inadmissible hearsay and pure speculation, and that if produced at trial could result in unfair prejudice, confuse the issues or mislead the jury. Federal Rule of Evidence 401, 801. Defendant requests that the Court order that the text messages be redacted to exclude Mrs. Stanley's handwritten notes. The Court agrees and finds that these handwritten notes are inadmissible hearsay.

Next, Defendant informs the Court that Plaintiff produced in discovery a Facebook Messenger exchange between her and Defendant's former employee, Laiken Stanley. Defendant objects to any portion of these message that contain inadmissible hearsay and requests that the Court order them to be redacted to exclude the hearsay portions. Here, Defendant does not provide the Court with these purported Facebook messages. As such, the Court will not make a ruling without first being able to review said messages. Accordingly,

**IT IS ORDERED** that the Defendant's Motion in Limine (Doc. 40) is **GRANTED** in part to the extent that the Court requires that the text messages between Mr. Stanley and

---

[23] See Defendant's exhibit A.

his sister, if requested to be submitted at the trial of this matter, are to be redacted to exclude any handwritten notes made by Mrs. Stanley.

**THUS DONE AND SIGNED** in Chambers on this 11th day of September, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**