UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DEANETTE STANLEY**  :  **DOCKET NO. 2:22-cv-06170**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**CLHG – DEQUINCY LLC**  :  **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the court is an Affidavit of Death and Heirship filed by plaintiff Deanette Stanley ("Mrs. Stanley"). Doc. 28. The affidavit indicates that decedent, Robert Vernon Stanley, has a son, Kane Rober Stanley ("Kane Stanley"). *Id.* Kane Stanley is not a party to this action. He is, however, a beneficiary pursuant to Louisiana Civil Code article 2315.1 with respect to decedent's survival action. The court is concerned all required parties have not been joined to this suit, and so, *sua sponte,* considers whether Kane Stanley must be joined as a required party under Federal Rule of Civil Procedure 19. For the reasons set forth below, the court finds Kane Stanley is a required party and orders his joinder.

### I.
#### BACKGROUND

The original complaint in this matter was filed by Mrs. Stanley on December 12, 2022, alleging violations of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, against CLHG – DeQuincy LLC d/b/a DeQuincy Memorial Hospital ("CLHG"). Docs. 1, 15. The action arises out of the death of Mrs. Stanley's husband, Robert Vernon Stanley (the "decedent"), following CLHG's alleged failure to properly screen decedent after he presented

with complaints to CLHG's emergency room. Doc 15, ¶ 26-29. Based on these events, Mrs. Stanley is pursuing both survival and wrongful death actions pursuant to Louisiana Civil Code articles 2315.1 and 2315.2 as the surviving spouse of decedent. Doc. 15, ¶¶ 29-30.

At the request of the court, Mrs. Stanley filed an Affidavit of Death and Heirship with respect to decedent, which confirmed that at the time of decedent's death he was married to Mrs. Stanley and had one son, Kane Stanley. Doc. 28. The court now must address whether Kane Stanley is a required party to this action.

## II.
### LAW AND ANALYSIS

"Because Rule 19 protects the rights of an absentee party, both trial courts and appellate courts may consider this issue sua sponte even if it is not raised by the parties to the action." *MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n,* 471 F.3d 377, 382 (2nd Cir. 2006).[1] On previous occasions, this court has *sua sponte* addressed the issue of required joinder under Rule 19. *See,*

---

[1] The United States Second Circuit Court of Appeals cited the following authority for this proposition:

> *See, e.g., Manning v. Energy Conversion Devices, Inc.,* 13 F.3d 606, 609 (2d Cir.1994) ("[E]ven in the absence of an objection under Rule 19(a), we are obliged to consider whether M & N and OSMC are indispensable parties under Federal Rule of Civil Procedure 19(b)."); *Havana Club Holding, S.A. v. Galleon, S.A.,* 974 F.Supp. 302, 311 (S.D.N.Y.1997) ("[W]hen a court believes that an absentee may be needed for a just adjudication, it may raise compulsory party joinder on its own motion."); 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 1609 (3d ed. 2006) ("[B]oth the trial court and the appellate court may take note of the nonjoinder of an indispensable party sua sponte."); 4 James Wm. Moore et al., *Moore's Federal Practice—Civil,* § 19.02[4][a] (3d ed. 2006) ("The district court may raise compulsory party joinder on its own motion."); *see also Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 111, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) (instructing courts to take steps on their own initiative to protect an absentee party); *Delgado v. Plaza Las Ams., Inc.* 139 F.3d 1, 2 (1st Cir.1998) (rejecting argument that district court lacked jurisdiction to consider Rule 19 issue because "[w]e have squarely held that a district court may raise the issue of nonjoinder sua sponte"); *Pickle v. Int'l Oilfield Divers, Inc.,* 791 F.2d 1237, 1242 (5th Cir.1986) ("[A] Rule 19 objection can even be noticed on appeal by the reviewing court sua *sponte*."); *McCowen v. Jamieson,* 724 F.2d 1421, 1424 (9th Cir.1984) (Rule 19 issue "is sufficiently important that it can be raised at any stage of the proceedings—even sua sponte."); *Finberg v. Sullivan,* 634 F.2d 50, 55 (3d Cir.1980) (in banc) ("[A]n appellate court should consider, on its own motion, any plausible argument that the interest of an absent party requires that party's joinder.").

*MasterCard Int'l, Inc.,* 471 F.3d at 382-83.

*e.g., Johnson v. Qualawash Holdings, L.L.C.*, 990 F. Supp. 2d 629, 635 (W.D. La. 2014) (citing *Pickle v. Int'l Oilfield Divers, Inc.,* 791 F.2d 1237, 1242 (5th Cir.1986); *McKenzie v. EOG Res. Inc.,* No. 08–0308, 2008 WL 1995145, at *1 (W.D. La. May 7, 2008) (stating that "courts may consider the issue sua sponte"), *aff'd*, No. 08-0308, 2008 WL 2795814, at *1 (W.D. La. July 18, 2008)). As such, "[t]his Court has the authority to require persons to be made parties upon timely request, or *sua sponte,*" *All. Gen. Ins. Co. v. Louisiana Sheriff's Auto. Risk Program*, No. CIV. A. 96-0961, 1997 WL 472513, at *2 (E.D. La. Aug. 18, 1997), and so will endeavor to determine if such joinder is required in this case.

The claims alleged in the instant matter arise under EMTALA, 42 U.S.C. § 1395dd, which states:

> [a]ny individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.

As CLHG is a participating hospital located in Louisiana, Louisiana law dictates who is entitled to recover for CLHG's alleged violations.

Pursuant to Louisiana Civil Code article 2315.1,[2] when an injured person dies, his right to recover damages for the injury survives for one year from his death in favor of:

> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

---

[2] The court's analysis is limited to the issue of the survival action and Kane Stanley's interest in that action. It may be that Kane Stanley also has a wrongful death action pursuant to Louisiana Civil Code article 2315.2, but such an action would be for the recovery of his individual damages incurred as a result of his father's death, and the court has no information at this time to assess such a claim. Regardless, Kane Stanley's interest in the survival action as discussed herein is sufficient for the court's resolution of the present issue as discussed, *infra*.

> (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

Article 2315.1 provides a hierarchy of beneficiaries such that those belonging to a higher-ranking class possess the right to maintain the action to the exclusion of those in lower-ranking classes. *Succession of Theobald*, 263 So.3d 960, 965 (La. App. 5th Cir. 2018). When there are two or more survivors within the classification entitled to the right, each survivor has an equal interest in the action. *Reed v. Warren*, 136 So. 59, 62 (La. 1931); *see also Morrison v. New Orleans Pub. Serv. Inc.*, 415 F.2d 419, 424 (5th Cir. 1969); *Gibbs v. Magnolia Living Ctr., Inc.*, 870 So.2d 1111, 1115 (La. App. 2d Cir. 2004), *writ denied*, 877 So.2d 146 (La. 2004).

Here, the decedent is survived by his wife, Mrs. Stanley, and his son, Kane Stanely. Doc. 28. Accordingly, under Article 2315.1(1), the decedent's surviving spouse and son have an equal interest in the present action to the exclusion of all other beneficiaries. As Mrs. Stanley is the only plaintiff at this point, the court must determine whether Kane Stanley is a required party under Federal Rule of Civil Procedure 19 and should be joined.

### A. Required Joinder of Parties

Pursuant to Federal Rule of Civil Procedure 19(a)(1), "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party"[3] under certain circumstances. Rule 19(a)(2) further provides that, "[i]f a person has not been joined as required, the court must order that the person be made a party." When analyzing whether Rule 19 requires joinder, "[s]tate law is relevant 'in determining what interest the outsider actually has, but the ultimate question [is] whether, given those state-defined interests,

---

[3] The joinder of Kane Stanely will not disturb this Court's subject matter jurisdiction as it is based on 28 U.S.C. § 1331, federal question jurisdiction. Moreover, in a telephone conference conducted on October 7, 2025, Mrs. Stanley confirmed Kane Stanley is alive and resides in Calcasieu Parish, Louisiana, according to his grandmother with whom Mrs. Stanley has communication.

a federal court may proceed without the outsider' under federal law." *Raines v. Smith*, No. CV 18-1075, 2018 WL 5904506, at *2 (W.D. La. Nov. 9, 2018) (quoting *Morrison*, 415 F.2d at 423).

      *i.*      *Louisiana Law*

"The survival action is a single cause of action that is jointly shared by all members of the class statutorily authorized to recovery [sic]." *Brasseaux v. Chevron U.S.A. Inc.*, No. 6:20-CV-00460, 2020 WL 4519262, at *1 (W.D. La. Aug. 5, 2020) (citing *Morrison*, 415 F.2d at 424; *Gibbs*, 870 So.2d at 1115). Because it is "given jointly to the survivors, . . . the Courts of Louisiana have consistently held that all damages must be claimed in the one suit, and that all of the persons classed as beneficiaries should be joined as plaintiffs since the right to recover passes to them equally." *Trahan v. S. Pac. Co.*, 209 F. Supp. 334, 337 (W.D. La. 1962); *see also Brasseaux*, 2020 WL 4519262 at *1 (W.D. La. Aug. 5, 2020); *Morrison*, 415 F.2d at 424; *Reed*, 136 So. at 62. Therefore, under Louisiana law, when multiple beneficiaries of the same class under Article 2315.1 share the one cause of action, "the defendant in the suit has the right to insist that all parties having the right of action shall be made parties to the one suit." *Reed*, 136 So. at 62.

Mrs. Stanley and Kane Stanley are co-equal beneficiaries who share the survival cause of action with respect to decedent. Consequently, the damage award for the decedent must be awarded as a single lump sum "obtained in a single action to which the surviving spouse and all the children are parties." *Morrison*, 415 F.2d at 423. Both Mrs. Stanley and Kane Stanley, therefore, have equal rights to the action pursuant to the substantive laws of Louisiana. *See Trahan*, 209 F. Supp. at 337.

      *ii.*      *Federal Rule of Civil Procedure 19*

Under Federal Rule of Civil Procedure 19(a)(1), a person must be joined as a party if

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

>    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>       (i) as a practical matter impair or impede the person's ability to protect the interest; or
>       (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In this case, the court believes it cannot accord complete relief among the existing parties in the absence of Kane Stanley. Under Rule 19(a)(1)(B)(i), disposing of this matter absent Kane Stanley will impair his ability to protect his interest. Specifically, under Louisiana's prohibition of claim splitting and multiple actions pursuant to Article 2315.1, litigation of this claim absent Kane Stanley would deprive him of exercising his right in the action and sharing in recovery. *Morrison*, 415 F.2d at 423. Additionally, proceeding in the absence of Kane Stanley could leave CLHG subject to the risk of incurring multiple and/or inconsistent obligations as Kane Stanley is still entitled to an interest in the claim under Article 2315.1.[4] For these reasons, Kane Stanley is a required party to this action under Rule 19(a) and must be joined.

### B. Prescription of Kane Stanley's Claims

During an October 7, 2025, telephone conference with the parties, where the court first raised the issue of Kane Stanley's interest in this action, defense counsel questioned whether Kane Stanley's claims may be prescribed and whether this would affect Kane Stanley's required status. Pursuant to Louisiana law, "'[w]hen several parties share a single cause of action . . ., suit by one interrupts prescription as to all.'" *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383, 1390 (La. 1993) (quoting *Louviere v. Shell Oil Co.,* 440 So. 2d 93, 96 (La. 1983)). Relying on this premise, courts have held that when one member of a class of beneficiaries as defined by Article 2315.1 files suit for a survival action, such filing interrupts prescription for the other

---

[4] "[R]es judicata as a result of this suit can only preclude a new suit by [the non-joined party] if she was a party to this one. *See* La. Rev. Stat. § 4231." *Williams v. Louisiana*, 347 F.R.D. 29, 32 (E.D. La. 2024).

members of that class. *See Tureaud v. Acadiana Nursing Home*, 696 So. 2d 15, 17 (La. App. 3d Cir. 1997); *see also Walker v. Dupart*, No. CV 20-2193, 2021 WL 2822382 at *3 (E.D. La. July 7, 2021); *Lucarelli ex rel. Taylor Est. v. D V A Renal Healthcare Inc.*, No. CIV. A. 08-0406, 2008 WL 5586615, at *5 & n.16 (W.D. La. Oct. 24, 2008), *report and recommendation adopted*, No. CIV. A. 08-0406, 2009 WL 276526 (W.D. La. Feb. 2, 2009) (holding that petition filed by one child of the deceased initiating survival and wrongful death actions on her own behalf interrupted prescription on behalf of the decedent's surviving spouse and remaining children). There is no indication Mrs. Stanley's action was untimely, and so it would appear prescription as to Kane Stanley's cause of action has been interrupted. However, the court need not, and does not, resolve that question at this time. Instead, the analysis under Rule 19 does not preclude joinder if a claim may ultimately be determined to be subject to a valid defense, and so the issue of prescription with respect to Kane Stanley's claims in this matter is better addressed by a subsequent dispositive motion following his joinder.

### C. *Joinder of Kane Stanley*

The only remaining question is whether Kane Stanley will join voluntarily or if he must be forced to join this action. This court raised the issue of Kane Stanley's joinder *sua sponte*, and at the telephone conference on October 7, 2025, none of the parties indicated they had been in any contact with him regarding this litigation. Considering Mrs. Stanley is proceeding *pro se* and has limited resources; CLHG stands to be served by avoiding possible multiple claims and recoveries and obtaining full and final resolution of this matter; and the interest of the court in keeping this case moving forward and avoiding further delay, the court finds that Kane Stanley must be joined as a defendant pursuant to Rule 19(a)(2). *See Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 962

(5th Cir. 1973); *Williams v. Louisiana*, 347 F.R.D. 29, 32-33 (E.D. La. 2024). If he obtains counsel and makes an appearance, he may be realigned as a plaintiff.

### III.
### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Kane Rober Stanley, as a required party to this action, be joined as a defendant.

**IT IS HEREBY FURTHER ORDERED** that CLHG shall, within thirty (30) days after the date of this Order, effect service of copies of this Order, the original Complaint [Doc. 1], and the First Amended Complaint [Doc. 15] on Kane Rober Stanley pursuant to Federal Rule of Civil Procedure 4 and, within the same period, shall file evidence of this service into the record. Within seven (7) days of the date of this Order, Deanette Stanley shall provide CLHG all information in her possession, custody or control regarding the whereabouts of Kane Rober Stanley, and this duty of disclosure shall be continuing on the part of Mrs. Stanley with respect to any such information hereafter discovered by her until Kane Rober Stanley is served.

**IT IS HEREBY FURTHER ORDERED** that Kane Rober Stanley shall have thirty (30) days from the date he is served with this Order, the original Complaint [Doc. 1], and the First Amended Complaint [Doc. 15] to make an appearance in this action. His failure to do so may result in a finding and judgment that he has waived any right in the survival claims asserted by Deanette Stanley in this action.

**IT IS HEREBY FURTHER ORDERED** that the jury trial in this matter currently scheduled for October 20, 2025, is continued without date.

**IT IS HEREBY FURTHER ORDERED** that a telephone status conference with the undersigned is set for **December 15, 2025, at 11:30 am**. Counsel and unrepresented parties are

to call into the Chambers Teleconference Line at 1-855-244-8681 (toll free) or 1-650-479-3207, Access code 2306 084 5065, to participate in the telephone status conference.

    **THUS DONE AND SIGNED** in chambers this 9th day of October, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**