UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

DEANETTE STANLEY                          DEANETTE STANLEY

VERSUS                                    VERSUS

C L H G - DEQUINCY L L C                  C L H G - DEQUINCY L L C

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Claim as Waived" (Doc. 72) filed by Defendant CLHG-DeQuincy, LLC d/b/a DeQuincy Memorial Hospital, who moves the Court to dismiss any right for Kane Rober Stanley to bring a claim in this matter.

## BACKGROUND

This matter involves an alleged violation of 42 U.S.C. § 1395(dd) under the Emergency Medical Treatment and Labor Act ("EMTALA"). Plaintiff, Deanette Stanley alleges that she sought medical treatment for her husband for a potential heart attack at the DeQuincy Memorial Hospital but was not properly assessed by the attending nurse, and then turned away for treatment. After being turned away, Plaintiff alleges that her husband suffered a heart attack and died.[1]

As this case has progressed, Plaintiff has chosen to represent herself and not obtain counsel.  After many conferences, in person and telephonically with the Court, and after the matter was set for trial and a settlement conference was set, it was discovered by the Court that the deceased, Plaintiff's husband, had an adult child from another mother. As

---

[1] For a complete recitation of the facts, see the Memorandum Ruling at Doc. 46.

such, the trial was continued, the settlement conference was terminated, and the Magistrate Judge issued an Order that required the deceased's son, Kane Rober Stanley, to be joined as a required party to the action pursuant to Federal Rule of Civil Procedure 19(a)(2).[2]

The Court ordered that Kane Rober Stanley be served within thirty days of the Order with the Order, the original Complaint, and the First Amended Complaint pursuant to Federal Rule of Civil Procedure 4; additionally,  the Magistrate Judge order Kane Rober Stanley to make an appearance thirty (30) days from the date he was served with the documents or be subject to a finding and judgment that he had waived any right in the survival claims asserted by Deanette Stanley.[3] Defendant complied with the Court's order, and Kane Rober Stanley was served on October 20, 2025.[4] No appearance was made by Kane Rober Stanley as ordered by the Magistrate Judge.

On December 17, 2025, another telephone status conference was held between Deanette Stanley, counsel for Defendant, and Magistrate Judge LeBlanc; it was noted that Kane Rober Stanley had been served and had not made an appearance within the time allotted. However it was also noted that Deanette Stanley had incorrectly advised him that she was able to represent his interests in this matter such that he need not take action.[5] The Court ordered Defendant to serve Kane Rober Stanley with a copy of the Minutes and Orders from that telephone conference within ten (10) days of same and that Mr. Stanley had thirty (30) days from December 18, 2025, to make an appearance, noting that "his

---

[2] Doc. 61.
[3] *Id.*
[4] Doc. 63.
[5] Doc. 67.

failure to do so may result in a finding and judgment that he has waived any right in the survival claims asserted by Deanette Stanley in this action."[6] Defendant again served Kane Rober Stanley as directed on December 21, 2025.[7] Mr. Stanley's appearance should have been made by January 20, 2026, but no appearance was made within the allotted time. Another Magistrate Judge telephone conference was set for January 26, 2026; however, notice terminating the conference was received on January 23, 2026, followed by notice of filing of an Answer by Kane Rober Stanley in this matter, three (3) days after the time granted by the Court.[8]

Defendant filed the instant Motion to Dismiss on January 30, 2026, and a Notice of Motion Setting was issued with the deadlines for a response and reply.[9] Again, Kane Rober Stanley filed a late response.[10]

## LAW AND ANALYSIS

In his response, which as noted was filed late, Kane Rober Stanley asserts that the Christmas holiday schedules and closures caused him to file his Answer late, and limited his ability to secure counsel, obtain necessary records and prepare an adequate response. The Court notes that even now, Kane Rober Stanley has failed to secure counsel, and despite the lack of holiday closures, he again filed a late response to the instant motion.

Additionally, as noted by Defendant, Mr. Stanley was served on October 20, 2025, which is over three (3) months before his Answer was filed. Also of note, the Answer that

---

[6] *Id.*
[7] Doc. 69.
[8] Docs. 70, 71.
[9] Doc. 73.
[10] Doc. 75, filed February 23, 2026.

was filed was a simple *pro se* Answer, that contains no defenses asserted, no claims for relief. and no legal arguments. [11] Defendant contends Mr. Stanley's excuse as to the lack of finances to obtain counsel is not justified. Pro se litigants are held to the same deadlines as represented parties. *See, Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

The Court agrees with Defendant that Kane Rober Stanley has waived his right to make an appearance in this matter after being warned repeatedly of the consequences of failing to timely comply with the Court's orders.

## CONCLUSION

For the reasons explained herein, the Court will grant Defendant's Motion to Dismiss Claim as Waived (Doc. 72), finding that Kane Rober Stanley has waived his right to bring a survival claim in this action.

**THUS DONE AND SIGNED** in chambers on this 5th day of March, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[11] See Doc. 71.